No. DA 07-0070
No. DA 07-0071

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 127N

_____

IN THE MATTER OF THE CUSTODY AND
PARENTAL RIGHTS OF M.A. and J.A.,

    Youths In Need of Care.

_____

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade, Cause Nos. BDJ 06-111-Y
and BDJ 06-112-Y
The Honorable Julie Macek, Presiding Judge.

COUNSEL OF RECORD:

        For Appellant:

            Jim Wheelis, Chief Appellate Defender; Joslyn Hunt, Assistant Appellant
            Defender, Helena, Montana

        For Respondent:

            Mike McGrath, Attorney General; Mark W. Mattioli, Assistant Attorney
            General, Helena, Montana

            Brant S. Light, Cascade County Attorney; Sarah Corbally, Deputy County
            Attorney, Great Falls, Montana

_____

Submitted on Briefs:  May 16, 2007

Decided:  May 31, 2007

Filed:

_____
                        Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     W.K. appeals from the decision of the Eighth Judicial District Court, Cascade County, denying her motion for a continuance of her termination hearing and the court's order terminating her parental rights to her children, M.A. and J.A.  We affirm.

¶3     The Department of Public Health and Human Services (Department) petitioned for emergency protective services regarding M.A. and J.A. on March 16, 2006.  The Department alleged that W.K. had attempted suicide by ingesting sixty Tegratol pills while the children had been sleeping.  W.K. stipulated at the show cause hearing on April 25, 2006, that probable cause existed for the Department's petition.  The District Court adjudicated the children as youths in need of care.

¶4     The court held the dispositional hearing on May 4, 2006, at which W.K. was present.  W.K. agreed to a treatment plan.  The court approved the treatment plan on May 4, 2006, and ordered W.K. to complete it.

¶5     The treatment plan called for, among other things, that W.K. address her mental health problems, that she obtain a chemical dependency evaluation and follow its recommendations, that she maintain a safe home and employment, that she attend and

2

complete anger management classes, that she attend parenting classes, and that she maintain contact with the children and her social worker during the dependency treatment plan. The Department petitioned for termination of W.K.'s parental rights in October 2006. The court set a hearing on the Department's petition for January 11, 2007.

¶6 W.K. failed to appear for the termination hearing and her counsel moved for a continuance. W.K.'s counsel informed the court that he did not know why W.K. was not at the hearing, but speculated that W.K. may have been attempting to obtain an independent psychological evaluation. The District Court denied the motion and proceeded to the merits of the Department's petition.

¶7 The Department presented the testimony of a social worker and two mental health professionals. The District Court determined that W.K. had failed to complete nearly every portion of her proposed treatment plan and that the continuation of the parent-child legal relationship likely would result in continued abuse and neglect of the children due to W.K.'s failure to address and resolve her mental health issues.

¶8 We review a denial of a motion for continuance under an abuse of discretion standard. *State v. Walker*, 225 Mont. 415, 419, 733 P.2d 352, 355 (1987). W.K. argues on appeal that the District Court's denial of her motion for continuance constitutes an abuse of discretion in light of the fact that W.K. was in the process of obtaining an independent psychological evaluation. W.K. contends that she was having difficulty obtaining an independent psychological evaluation because of her financial constraints.

¶9 We also review a district court's decision to terminate a person's parental rights under an abuse of discretion standard. *In re Custody and Parental Rights of C.J.K.*, 2005

MT 67, ¶ 13, 326 Mont. 289, ¶ 13, 109 P.3d 232, ¶ 13.  To satisfy the relevant statutory requirements for terminating the parent-child relationship, a district court must make specific factual findings.  *In re C.J.K.*, ¶ 13.  We review a district court's findings of fact to determine whether those findings are clearly erroneous.  *In re Custody and Parental Rights of M.A.D.*, 2003 MT 10, ¶ 12, 314 Mont. 38, ¶ 12, 62 P.3d 717, ¶ 12.  We review the court's conclusions of law with respect to those findings to determine whether the court correctly interpreted and applied the law.  *In re M.A.D.*, ¶ 12.

¶10    We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, that provides for memorandum opinions.  It is manifest on the face of the briefs and record before us that the District Court did not abuse its discretion in denying W.K.'s motion for a continuance.  It also is manifest on the face of the briefs and record before us that substantial evidence supports the District Court's findings of fact.  Finally, it also is manifest on the face of the briefs and record before us that settled Montana law clearly controls the legal issues and that the District Court correctly interpreted the law.

¶11    We affirm the judgment of the District Court.

/S/ BRIAN MORRIS

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON

4